## HORATIO G. CARY

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

STATUTE OF LIMITATIONS—*claim barred because not filed within two years.* Claim for injuries to land by reason of construction of dam by the State and consequent overflow of river is barred by statute of limitations if not filed within two years after closing of dam.

The petitioner filed in the office of the Auditor of the State of Illinois on April 16, A. D. 1880, his claim for damages to the northeast quarter of section twenty-three (23) in township seven (7) north range seven (7) east of the 4th P. M., Peoria county, State of Illinois, claiming damages to the extent of one thousand and six hundred dollars, or at the rate of ·ten dollars per acre on

one hundred and sixty acres; and that said injury arose from the construction by the State of what is known as the Copperas Creek Lock and Dam across the Illinois river.

There is no certain date alleged either in the original or amended petition as to when said lock and dam were built, or as to when the damages complained of accrued, except that it manifested itself in the fall of A. D. 1877, as stated in the petitioner's evidence.

On August 10, A. D. 1880, the Attorney General of the State of Illinois filed the defense of the State to said claim, which among other things is that the petitioner's claim was neither proved up nor filed in the office of the Secretary of State previous to the first day of January, 1849, nor within two years from the time such claim may have arisen as required by the statute of the State in that behalf, and that for that reason said claim was barred by the statute of limitations.

This cause was submitted at this term on the pleadings and proofs on file. We think the evidence and the allegations of the petition in this case show that the damages sustained by the petitioner, if any, arose in the fall of the year A. D. 1877, and therefore more than two years before the filing of said claim, and is therefore barred by the statute of limitation of A. D. 1847, following the decision in the case of Fairbanks for the use of the First National Bank of Lacon v. The State of Illinois decided at this term.

Therefore, without regard to any merits we might otherwise have thought there were in the claim, and as to which we express no opinion, we find the issues against the complainant and award him nothing, and the claim is rejected.